Haight, J.
This action was brought to recover pay for flour, grain and feed sold and delivered by the plaintiff_to the defendants, and for grinding done at their special instance and request. The answer alleged non-joinder of parties plaintiff, a settlement for the goods bougíit prior to July 1, 1883; that one Mary E. Hood was the owner of an *465 undivided one-half of a grist-mill, and that the defendant Peter Hood was her duly authorized agent to lease or dispose of the same; that her agent had leased her interest in the mill to the plaintiff for twenty-five dollars per month, and that the plaintiff agreed to pay therefor by furnishing to the firm of P. Hood & Son, consisting of the defendants, flour and feed, and to grind for them; that the plaintiff entered into possession of the mill April 15, 1883, under such lease, and has ever since continued in the possession of the same; and that the goods and merchandise mentioned in the complaint were furnished pursuant to the agreement, and that the said Mary E. Hood assented to the leasing of the mill on the terms stated; that the rent of the mill accruing since July 1, 1883, amounted to the sum of $225, no part of which has been paid except as paid by the goods and merchandise and labor mentioned in the complaint. The defendants further answering, allege as a counter-claim that they have sold and delivered to the plaintiff, at his special instance and request, goods and merchandise of the agreed price of $59.33, no part of the purchase price of which has been paid; and for a further answer and defense, “deny each and every allegation therein contained, not hereinbefore admitted, controverted or explained.”
Upon the trial, the plaintiff admitted the settlement and counter-claim as alleged in the answer, and then moved for judgment upon the pleadings upon the ground that the answer did not put in issue the allegations of the complaint. The referee held that the allegations of the complaint were admitted by the answer; that the denials were not general or specific within the meaning of the Code, but permitted the deféndants to give their evidence in support of the defense set forth in the answer. The referee has found as facts that Mary E. Hood is the wife of the defendant Peter Hood, and that the defendants were doing business under the firm name of P. Hood & Son; that Peter Hood was the duly authorized agent of Mary E. Hood to lease her interests in-the mill, and was authorized by her to lease the same to the plaintiff and to receive pay therefor in flour and feed at the store of the defendants; that the defendant Peter Hood, on or about the 1st day of April, 1883, leased to the plaintiff the undivided one-half interest owned by her in the mill for twenty-five dollars a month until such time as they could sell the mill or dispose of it, which the plaintiff agreed to pay in flour and feed and other mill products, to be delivered at the store of the defendants, and that Mary E. Hood assented thereto; that the plaintiff went into possession of the mill on or about April 1, 1883, *466 and continued in possession thereof down to the commencement of this action, March 6, 1884; that on the 2d day of July, 1883, an accounting was had between the plaintiff and defendants and Mary E. Hood, upon which settlement there was found due from the plaintiff to the defendants the sum of $5.66; that after July 2, 1883, and before the commencement of this action, the plaintiff sold and delivered to the defendants, who were co-partners, the goods mentioned and referred to in the complaint, amounting in the aggregate to $178.77; that the defendants promised and agreed to pay for the same; that Mary E. Hood did not transfer her right or interest in the amount due for rent to the defendants, and did not authorize Peter Hood, or any one, to apply the same in payment for the goods sold by the plaintiff to the defendants; he awarded judgment for the plaintiff for the $178.77, less the amount of the counterclaim set forth in the answer and admitted by the plaintiff, with interest.
Exceptions were taken by the appellant to the contract, as found by the referee, and to the finding of fact that Mary E. Hood did not transfer her right or interest in the amounts due for rent to the defendants, and did not authorize Peter Hood or anyone to apply the same in payment for the goods sold by the plaintiffs to the defendants.
■ There is no evidence that Mary E. Hood ever transferred her interest in the rent to the defendants, but that she did authorize the defendant Peter Hood to apply the same in payment for the goods purchased of the plaintiff appears to us to be undisputed in the case. In fact, the referee has virtually so found. He found that the plaintiff agreed to pay the rent in flour and feed and other mill products, to be -delivered at the store of the defendants, and that she assented to the lease as so made. The defendants were the husband and son of Mary E. Hood, and as copartners were carrying on a store. True, he did not find as a fact that the flour and feed and other mill products were delivered to her at the defendants’ store, but it does not appear to us that such was the contract as understood by the parties. The plaintiff himself testified that in the conversation that he had with the defendant Peter Hood, Peter Hood said to him that they were doing a pretty good business in the store, that they would buy a good deal of grain and handle a good deal of stuff, and that they would buy their stuff of the plaintiff and have their grinding done at the mill, and that they probably would have to pay him money for the stuff they bought, over and above the rent of the mill. The defendant Peter Hood testified that he told the plaintiff that he would rent him the mill for $500 a year; that the plaintiff said that he couldn’t give that, but would *467 give $300, provided he could pay it out of the mill or in grinding; that “he would deliver the goods to P. Hood & Son at our store in Auburn, or do grinding for us at the mill, all of which was to be done at as low a price as I could get them anywhere else. I said the goods must be furnished at as low a price as I could get them anywhere else, he said he would do so.” So that it will be observed from the evidence of both the plaintiff, and the defendant Peter Hood, the only witnesses who speak in reference to the terms of the lease, that it was agreed that the rent was to be paid in grinding or in goods out of the mill, to be delivered to the defendants, and that the goods were to be furnished and the grinding done as cheaply as could be done elsewhere, and that it was understood that the goods so furnished would probably exceed the rent of the mill, and that the defendants would pay money for the surplus. Mrs. Hood testified, as the referee has found, that her husband was authorized to act for her in reference to the property and that she assented to the terms of the lease as made. We, therefore, fail to see why, under the conceded facts in the case, the rent of the mill should not be applied in payment of the plaintiff’s claim. This view is in accord with the opinion of this court as expressed on the former appeal. The court then said: “While the consent may have enabled the defendants to so take payment and apply what they in that manner received on the rent, it gave to them, or to either of them, no right of action to enforce payment.” It was then contended that this allegation of the answer was a counter-claim, entitling the defendants to an affirmative judgment for the balance of rent due. Such a judgment they were not entitled to, but they did have the right to take payment of the rent in accordance with the terms of the agreement.
These views of the case render it unnecessary to consider the question as to whether or not the denial contained in the answer was sufficient to put in issue the allegations contained in the complaint.
The judgment should be reversed and a new trial ordered before another referee, with costs, to abide the event.
So ordered.
Smith, P. J., Barker and Bradley, JJ., concurred.